*L. Clark* and *B. F. Spurr*, for defendant.

———•◦•———

## HEDINGER v. SILSBEE.

The amount of a plaintiff's claim need not be mentioned in the body of a summons from a justice of the peace; but the amount claimed, including interest and costs should be indorsed upon the summons.

The want of an indorsment of the amount of plaintiff's claim, cannot be taken advantage of after the general appearance of the defendant. Such appearance waives the want of an indorsment.

*Error to Jackson District Court.*

*Opinion by* GREENE, J. This was an action of assumpsit commenced before a justice, and taken to the district court by a writ of *certiorari*. By the affidavit for the *certiorari* and the transcript of the justice, it appears, that on the return day of the original writ, the defendant appeared and moved for a nonsuit, for the reason, that the amount claimed was not mentioned in the body of the summons, which motion was not granted. The defendant then obtained a change of venue. On the day set for trial after the change of venue, the defendant moved for a nonsuit on the ground that the amount claimed, was not indorsed upon the summons, as required by statute. This motion was sustained, and a judgment of nonsuit rendered against the plaintiff. Within the time stipulated by statute, the plaintiff made application to the justice to have the nonsuit set aside and a new trial awarded. The ap-

plication was granted, and the defendant duly notified of the time set for trial. Upon the day set for trial, the parties appeared and the defendant again made his motion for a nonsuit, for defective indorsements on the writ, but the justice overruled the motion; whereupon the defendant abandoned the suit, and the cause having been fully heard, the justice rendered judgment in favor of the plaintiff for the sum of $14,50. Upon this state of the proceedings as set forth under the *certiorari,* the district court reversed the judgment of the justice. The correctness of that decision is now controverted, and it is claimed that there is nothing in the returns of the justice, which shows sufficient error to justify a reversal of the proceedings.

So far as we are enabled to judge of the proceedings from the transcript of the justice, they appear to have been conducted with substantial correctness, so far as the legal rights of the plaintiff in error were affected by them. The motion first made by him, was very properly overruled, because the statute does not require the amount of the plaintiff's claim to be mentioned in the body of the summons. The motion subsequently made before the justice to whom the venue was changed, was improperly granted, because the defect complained of, was waived by the previous appearance of the party, to move for a nonsuit on other and insufficient grounds, and for a change of venue. It is true, the statute requires the justice to indorse upon the summons in such cases, the amount claimed by the plaintiff, including interest and costs. *Rev. Stat.* 317, § 15. A writ without such indorsement is defective, but it is one of those defects, which is cured by the general appearance of the defendant. Had he appeared specially, in the first instance, and suggested this objection to the justice, it would on motion have been sufficient ground for a nonsuit; but as he had previously appeared and moved for other objects in defending the action, that motion came too late, and was erroneously granted by the justice. This defective decision was sufficient cause, under the statute, to have the nonsuit set aside and a new trial granted. *Rev. Stat.* 324,

§ § 3, 4. In that particular, we regard the proceedings of the justice as substantially correct, and as the judgment there appears to have been regularly entered, we think it was improperly reversed by the district court.

*P. Smith*, for plaintiff in error.

*S. Hempstead*, for defendant.